# UNITED STATES OF AMERICA
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| D&S MARINE SERVICE, L.L.C., | * | CIVIL ACTION NO. 2:19-cv-01702 |
| Plaintiff | * | JUDGE Greg Gerard Guidry |
| vs. | * | MAG. JUDGE Dana M. Douglas |
| JOSIAH ENCARNACION | * | |
| Defendant | * | |

## OPPOSITION TO D&S MARINE SERVICE, LLC'S MOTION IN LIMINE AS TO EXPERT TESTIMONY

**MAY IN PLEASE THE COURT:**

Defendant and Plaintiff-in-Counterclaim, Josiah Encarnacion, respectfully files this memorandum in opposition to D&S Marine Service, LLC's ("D&S") Motion in Limine as to Expert Testimony, and requests that this Court deny D&S's Motion and find as follows:

(1) Dr. Kindl, Mr. Encarnacion's treating physician, was properly disclosed as a non-retained expert and may present expert testimony regarding causation, prognosis, and future medical care at trial;

(2) Dr. Manceaux, Mr. Encarnacion's treating physical therapist, was properly disclosed as a non-retained expert and may present expert testimony at trial regarding causation, prognosis, and future medical care; and

(3) Captain Ryan's testimony regarding OSHA Regulations and D&S's safety policies aboard the M/V ANNA MICHAEL is permissible and admissible at trial.

1

## LAW & DISCUSSION

**A.     Mr. Encarnacion's treating physicians' expert opinions should not be excluded**

Before 2010, non-retained experts, such as treating physicians, were exempt from expert disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure. In 2010, however, Rule 26(a)(2)(C) was amended to require disclosures for non-retained experts. Judge Africk recently provided the following explanation of the changes to the law:

> While there is little case law addressing the requirements of Rule 26(a)(2)(C)—which was only added to Rule 26 in 2010—Judge Duval of this Court has explained that "courts 'must take care against requiring undue detail' in Rule 26(a)(2)(C) disclosures." *Rea,* 2014 WL 4981803, at *5 (citations omitted). The summary should simply contain an " 'abstract, abridgement, or compendium' of the opinion and facts supporting the opinion." *Id.* at *5. The Fifth Circuit has further acknowledged that "**[t]he basic purpose of Rule 26 is to prevent prejudice and surprise**." *Joe Hand Promotions, Inc. v. Chios, Inc.,* 544 Fed.Appx. 444, 446 (5th Cir.2013) (internal quotations and citations omitted).

*Anders v. Hercules Offshore Services, LLC*, 2015 WL 7018451, *4-5 (E.D. La. Nov. 12, 2015). (Emphasis added). The court acknowledged the Fifth Circuit's opinion that the purpose of the rule is to prevent prejudice and surprise. *Id.* The court further acknowledged the responsibility of the court to accept simple disclosures, even if they are not in the form preferred by the Court.

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." When evaluating whether a failure to disclose or untimely disclosure is harmless, courts look to four factors: (1) the party's reason for failing to disclose; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability for a continuance

to cure such prejudice; and (4) the importance of the evidence. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

In *George v. Fresenius,* the plaintiff was allowed to designate her treating physicians as non-retained experts despite failing to identify the physicians as experts within the deadlines set by the court. 2016 WL 8261745, *4-5 (M.D. La. Aug. 1, 2016). The court applied the four factor test and determined that allowing the expert testimony would not be harmful. *Id.* Importantly, the court recognized that if the treating physicians were only allowed to testify as lay witnesses about their medical treatment of the plaintiff, there would be a potential for jury confusion. *Id.*

D&S is attempting to exclude expert testimony from the physicians that personally treated Mr. Encarnacion for the injuries he sustained on D&S's vessel. Mr. Encarnacion's non-retained expert disclosures are adequate pursuant to Rule 26(a)(2)(C). If the Court finds that Mr. Encarnacion's disagrees, however, Mr. Encarnacion requests that the Court apply the four factor test to determine whether allowing Mr. Encarnacion's treating physicians to provide expert opinion would be harmful. Each of the four factors is discussed with regard to Mr. Encarnacion's treating physicians below.

**1. Allowing Dr. Kindl to testify as a non-retained expert would not be harmful**

With concern to the first factor, Mr. Encarnacion disagrees that his designation and disclosures fail to meet the standard set forth in Rule 26(a)(2)(C). If the disclosures are not in accord with Rule 26, however, D&S will not be prejudiced or harmed by Dr. Kindl's expert testimony, as anticipated by the second factor, because D&S has had an opportunity to depose Dr. Kindl at length about each area designated in the expert disclosures. As is evident from a review of Dr. Kindl's deposition transcript, D&S is also in possession of and has an excellent

understanding of the medical records and notes prepared by Dr. Kindl in connection with his treatment of Mr. Encarnacion.[1]

The third factor is neutral, because D&S will not be prejudiced or surprised by allowing Dr. Kindl to testify as a non-retained expert. Mr. Encarnacion's designation of Dr. Kindl as a non-retained expert was timely, and D&S had an opportunity to review all of the areas of testimony with Dr. Kindl in advance of trial. There is not need, therefore, to extend any deadlines when allowing Dr. Kindl to present testimony as a non-retained expert.

Finally, as recognized by the court in *George v. Fresenius*, because Dr. Kindl is Mr. Encarnacion's treating physician, his testimony is undoubtedly important to Mr. Encarnacion's case. He is uniquely aware of Mr. Encarnacion's injuries and his recovery from those injuries. In addition to Dr. Kindl's personal observations as Mr. Encarnacion's physician, he should be allowed to testify about the "facts and data obtained or observed in the course of the sequence of events giving rise to the litigation and opinions based on such facts and data." *George*, 2016 WL 8261745, at 5, *citing LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013); *see Mangla v. University of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996); *Knorr v. Dillard's Store Servs. Inc.*, No. 04-3208, 2005 WL 2060905, at *3 (E.D. La. Aug. 22, 2005). To hold otherwise would risk creating jury confusion at trial.

Because Dr. Kindl was the individual responsible for diagnosing and treating Mr. Encarnacion, his professional opinions about the cause and prognosis of Mr. Encarnacion's injuries are important for the factfinder(s) to consider at trial. Mr. Encarnacion's disclosures were sufficient to provide D&S with information about the testimony Dr. Kindl will present at trial. D&S has reviewed the medical records and notes prepared by Dr. Kindl, and has deposed

---

[1] *See* Exhibit 1, Deposition of Dr. Brian Kindl.

4

Dr. Kindl about the medical records, notes, and Dr. Kindl's opinions regarding Mr. Encarnacion's injuries—including causation and prognosis. D&S will not be prejudiced, harmed, or surprised by Dr. Kindl's expert opinions at trial.

**2. Dr. Manceaux should be allowed to present testimony as a non-retained expert**

Like Dr. Kindl, Dr. Manceaux is Mr. Encarnacion's treating physician. He provided physical therapy to Mr. Encarnacion after he fell and injured himself aboard D&S's vessel. Mr. Encarnacion disagrees that his designation and disclosures fail to meet the standard set forth in Rule 26(a)(2)(C). If the disclosures are not in accord with Rule 26, however, D&S will not be prejudiced or harmed by Dr. Manceaux's expert testimony, as anticipated by the second factor. Mr. Encarnacion timely designated Dr. Manceaux in advance of the close of discovery. D&S has been provided with all of Dr. Manceaux's notes and records with concern to Mr. Encarnacion's therapy for his shoulder.

With regard to the third factor, although D&S did not request to depose Dr. Manceaux and the discovery deadline has passed, Mr. Encarnacion would not oppose a request by D&S to depose Dr. Manceaux before trial. Finally, as explained above and in *George v. Fresenius*, because Dr. Manceaux is Mr. Encarnacion's treating physician, limiting his testimony to lay testimony, and prohibiting Dr. Manceaux from testifying about opinions and facts observed during the sequence of events that gave rise to this litigation would likely result in jury confusion. *Id.* Because Dr. Manceaux's expert opinion is undoubtedly important to Mr. Encarnacion's case, it should not be excluded at trial.

**B. Captain Ryan's Testimony will assist the trier of fact and should not be limited at trial**

**1. Captain Ryan's testimony about OSHA Regulations is applicable, helpful, and should be admitted**

a. <u>Captain Ryan's opinions regarding OSHA Regulations are applicable</u>

D&S argues that Captain Ryan's opinions regarding OSHA Regulations constitute an impermissible legal conclusions, because the Court has not determined whether the regulations apply to this case. D&S's characterization of Captain Ryan's report and testimony is inaccurate. Captain Ryan uses OSHA Regulations to explain the standards for stairwell safety. As explained below, Captain Ryan's use of the OSHA Regulations is permissible.

OSHA Regulations may apply to uninspected vessels like the M/V ANNA MICHAEL. The Supreme Court has held that OSHA's jurisdiction over working conditions on non-inspected vessels was <u>not</u> preempted by general marine safety regulations issued by the United States Coast Guard if the Coast Guard's regulations did not address the occupational safety and health risk at issue. *Lee v. Central Gulf Towing, LLC*, 2015 WL 6773727, *4 (E.D. La. Aug. 1, 2005), *citing Chao v. Mallard Bay Drilling*, 534 U.S. 235, 122 S.Ct. 738 (2002). (Emphasis added).

In *Lee v. Central Gulf Towing, LLC*, the defendant objected to the plaintiff's expert's use of an OSHA regulation regarding fixed ladders. *Lee*, 2015 WL 6773727 at *4. The defendant argued that the OSHA regulation only applied to land based operations. *Id.* The court reviewed the allegations and cases cited by the defendant. *Id.* The court found that the OSHA regulations were admissible, because the defendant failed to establish that the Coast Guard preempted the field in that area of regulation. *Id.*

Captain Ryan's reference to OSHA Regulations does not constitute an impermissible legal conclusion. The case law is clear that when an uninspected vessel is involved, and an applicable

Coast Guard regulation does not preempt the issue, an OSHA regulation may be applicable. The M/V ANNA MICHAEL is by D&S's admission an uninspected vessel.[2] D&S has not alleged that any Coast Guard Regulation preempts the OSHA Regulations relied upon by Captain Ryan. D&S has not identified any case that demonstrates that a Coast Guard regulation preempts the OSHA regulations cited by Captain Ryan. Accordingly, Captain Ryan should be permitted to testify about the OSHA Regulations.

      b. <u>29 CFR 1910.29(f)(4) and 29 CFR 1926.1052(a)(&) are applicable</u>

  D&S attempts to exclude reference to two OSHA Regulations cited by Captain Ryan, because D&S disagrees with the Regulations' use and applicability. D&S argues that 29 CFR 1910.29(f)(4) is inapplicable, because Captain Ryan's report "misstates the language of 29 CFR 1910.29(f)(4) by substituting the word 'handrails' for 'stair rails'."[3] D&S argues that another OSHA Regulation, 29 CFR 1926.1052(a)(7), is inapplicable because the regulation governs stairways and ladders used in construction.[4]

  The defendant in *Lee* also attempted to exclude OSHA Regulations on the basis that they were not directly applicable to the facts at issue. The court found that although the regulations were not directly applicable, there were instructive safety rules that would assist the fact finder. *Id.* at 5. The Court also opined that, at a minimum, cross-examination can demonstrate to the jury whether the regulations are applicable. *Lee*, 2015 WL 6773727 at *4.

  Thus, even if the regulations cited by Captain Ryan are not directly applicable to the M/V ANNA MICHAEL, and Mr. Encarnacion disputes this suggestion, the regulations may still be

---

[2] *See* Motion in Limine as to Experts, p. 8.
[3] *See* Motion in Limine as to Experts, p. 11.
[4] *Id.*

consulted for guidance on safety in stairwells. Additionally, these are issues that should be addressed on cross-examination, and do not warrant exclusion of testimony at trial.

### c. Captain Ryan's explanation of the OSHA Regulations will assist the jury

The advisory committee notes for Federal Rules of Evidence 702 provide that "courts should consider 'the common sense inquiry [of] whether the untrained layman would be qualified to determine intelligently' the issues before the factfinder 'without enlightenment from those having a specialized understanding of the subject.'" *Matter of M&M Wireline Offshore Services, LLC*, 2017 WL 480603, *6 (E.D. La. Feb. 3, 2017). When a marine expert's opinion is not only relevant, but also tied to the facts of the case, such that they would assist the fact finder in the determination of the case, the expert's testimony should be admitted. *Id.* at *7.

OSHA Regulations may be referred to as guidelines for standards of care. *Lee*, 2015 WL 6773727 at *4, *citing National Marine Service, Inc. v. Gulf Oil Co.,* 433 F.Supp. 913, 919 (E.D.La.1977); *see Dixon v. Intern.'l Harvester Co.,* 754 F.2d 573, 581 (5th Cir.1985); *In re Vulcan Materials Co.,* 369 F.Supp.2d 737, 747 (E.D.Va.2005). OSHA standards have been admitted in the past to assist the trier of fact in determining whether the employer breached its duty to the Jones Act employee. *Lee*, 2015 WL 6773727 at *4.

After attempting to exclude several technical OSHA Regulations cited within Captain Ryan's report, D&S argues that Captain Ryan's "opinions do not rest upon any specialized knowledge or experience foreign to the average fact finder."[5] Captain Ryan's opinions and testimony are relevant to the case, and tied to the specific facts of the case. Captain Ryan cites specialized regulations regarding stairwell safety, and explains how D&S failed to meet the standards set by those regulations. Captain Ryan's testimony will certainly assist the jury and/or

---

[5] *See* Motion in Limine as to Experts, p. 14.

fact finder in determining whether D&S breached the duty it owed to its Jones Act employee. For these reasons, Captain Ryan's testimony should not be excluded at trial.

**2. Captain Ryan's opinions and conclusions are reliable and relevant**

Pursuant to the Federal Rules of Evidence, an expert may testify about scientific, technical, or otherwise specialized knowledge that will assist the trier of fact to understand the evidence or determine a fact in issue. *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996). When determining the admissibility of expert testimony, the district court should grant "proper deference to the jury's role as the arbiter of disputes between conflicting opinions." *Id.* "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Anders,* 2015 WL 7018451 at *5 (E.D. La. Nov. 12, 2015), *citing United States v. 14.38 Acres of Land,* 80 F.3d at 1077; *see also Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 596, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). D&S's objections to Captain Ryan's expert testimony are related to the bases and sources of the testimony, and should be reserved for the jury's consideration at trial.

    a. Handrail

D&S argues that Captain Ryan's opinion regarding the gap in the handrail is irrelevant, because the handrail could not have prevented the injuries caused in this litigation. D&S's assertion is pure argument—it does not establish that Captain Ryan's testimony should be excluded pursuant to the Federal Rules of Evidence. D&S's dispute with Captain Ryan's testimony should be reserved for cross-examination at trial. The jury should be given the discretion to assign weight to Captain Ryan's opinion based on his testimony. This is not an admissibility issue.

b. <u>Vessel Orientation Checklist</u>

Testimony regarding D&S's failure to complete the Vessel orientation checklist is material, relevant, and admissible. Captain Ryan is an experienced auditor of regulatory compliance, operational compliance, and for safety management compliance.[6] His testimony assists the trier of fact in determining whether D&S's failure to complete the checklist is a material factor in its failure to properly train Mr. Encarnacion. Captain Ryan's testimony on this issue should be allowed. The jury should be given the discretion to assign weight to Captain Ryan's opinion based on his testimony.

c. <u>Carl Sevin</u>

As an auditor of safety management compliance, Captain Ryan is acutely aware of a supervisor's obligations and duties with regard to training and supervising a green deckhand like Mr. Encarnacion. Captain Ryan's opinions regarding Mr. Sevin's failure to properly supervise and train Mr. Encarnacion are relevant to the facts at issue. Captain Ryan's testimony regarding Mr. Sevin will assist the jury in determining whether D&S's negligent training and supervision of Mr. Encarnacion contributed to his injuries. The jury should be given the discretion to assign weight to Captain Ryan's opinion based on his testimony.

d. <u>Two Points of Contact</u>

Captain Ryan's report identifies safety rules and guidelines which D&S should have had in place, but failed to implement. Specifically, Captain Ryan provides that it is customary for a safety manual to require at least two points of contact while ascending or descending a stairway.[7] D&S's safety manual did not contain such a provision, or any other instruction for ascending or descending a stairway safely. Captain Ryan's testimony on this issue will assist the jury in

---

[6] *See* Exhibit 2, Captain Ryan's Expert Report, p. 1.
[7] *Id.* at p. 5.

understanding what the standard policy should be and how D&S's policies fell short of the standard. The jury should be given the discretion to assign weight to Captain Ryan's opinion based on his testimony.

D&S submits that Captain Ryan's mention of the *Fall Overboard Prevention* policy is irrelevant. Captain Ryan referenced the policy in response to D&S's corporate representative's reliance on the policy during D&S's corporate deposition.[8] Perhaps more troubling is the fact that D&S's *Fall Overboard Prevention* policy still lacks the requisite safety standards: "[t]he Fall Overboard Prevention policy is lacking the typical wording such as ascending, descending, stairs, handrails, two-point stand, utilize the handrail to be reasonable considered as the company safety policy for transiting (ascending and descending) stairways."[9] Captain Ryan's testimony on this issue is necessary to explain the proper safety standards for ascending and descending stairways, and establishing that D&S failed to implement that safety standard on its vessel. The jury should be given the discretion to assign weight to Captain Ryan's opinion based on his testimony.

e. Errors in the WHEELMATE Eform and Signing the logbook

D&S's failure to properly complete the WHEELMATE eFORM and its noncompliance in signing the logbook demonstrates D&S's overarching failure to follow safety protocols and procedures. While D&S's failure to properly complete the form, in isolation, would appear irrelevant, when considered cumulatively, D&S's failures denote a systemic problem with safety protocols. As an auditor of safety compliance, Captain Ryan can provide key insight into how D&S's failure to properly complete a safety meeting form and require its employees to sign into logbooks is indicative of larger problem regarding safety aboard D&S's M/V ANNA

---

[8] *Id.* at 5-6.
[9] *Id.*

MICHAEL. This testimony is directly related to whether D&S provided a safe workplace for Mr. Encarnacion. The jury should be given the discretion to assign weight to Captain Ryan's opinion based on his testimony.

**CONCLUSION**

For these reasons, Mr. Encarnacion respectfully requests that this Court deny D&S's Motion in Limine as to Expert Testimony and find as follows:

(1) Dr. Kindl, Mr. Encarnacion's treating physician, was properly disclosed as a non-retained expert and may present expert testimony regarding causation, prognosis, and future medical care at trial;

(2) Dr. Manceaux, Mr. Encarnacion's treating physical therapist, was properly disclosed as a non-retained expert and may present expert testimony at trial regarding causation, prognosis, and future medical care; and

(3) Captain Ryan's testimony regarding OSHA Regulations and D&S's safety policies aboard the M/V ANNA MICHAEL is permissible and admissible at trial.

                                          Respectfully submitted,

                                          *Claire E. Pontier*
                                          **Couhig Partners, LLC**
                                          Donald C. Massey (#14177). T.A.
                                          Robert E. Couhig (#29811)
                                          Claire E. Pontier (#32025)
                                          1100 Poydras Street, Suite 3250
                                          New Orleans, LA 70163
                                          Telephone: (504) 588-1288
                                          Facsimile: (504) 588-9750
                                          Email: cpontier@couhigpartners.com
                                          *Attorneys for Mr. Encarnacion*