# UNITED STATES OF AMERICA
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **D&S MARINE SERVICE, L.L.C.,** | * | CIVIL ACTION NO. 2:19-cv-01702 |
| Plaintiff | * | JUDGE Greg Gerard Guidry |
| vs. | * | MAG. JUDGE Dana M. Douglas |
| **JOSIAH ENCARNACION** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO D&S MARINE SERVICE, LLC'S MOTIONS IN LIMINE

**MAY IN PLEASE THE COURT:**

Defendant and Plaintiff-in-Counterclaim, Josiah Encarnacion, respectfully files this memorandum in opposition to D&S Marine Service, LLC's ("D&S") Motions in Limine [R. Doc. 59] and requests that this Court deny D&S's Motions as follows:

### LAW & DISCUSSION

**A. Pre-Trial Agreements**

D&S's Motions in Limine request that the Court exclude testimony and/or evidence that is irrelevant or prejudicial.[1] The testimony and evidence sought to be excluded is then described in 8 short paragraphs. Most of the requested exclusions involve testimony and/or exhibits that are already precluded from reference at trial pursuant to the Rules of Evidence and practice. Accordingly, Mr. Encarnacion does not oppose the following proposed exclusions: 1, 2, 4, 5, and 6. Mr. Encarnacion does not agree to exclude the evidence or testimony listed in paragraphs 3, 7, and 8, for the following reasons:

---

[1] D&S's Motions in Limine, Section II, p. 7.

Paragraph 3 seeks to exclude Mr. Encarnacion, counsel, and all lay witnesses from testifying or offering opinions regarding future reasonable and necessary medical treatment and expenses or costs associated with said medical treatment. D&S argues that such testimony is based on speculation and is irrelevant without proper foundation.[2] D&S's objection is premature and should be deferred until such time that Mr. Encarnacion seeks to introduce testimony about future reasonable and necessary medical treatment and expenses at trial. This request for exclusion should be deferred for trial and decided on a case by case basis.

Paragraph 7 seeks to prohibit counsel from commenting, referring to, or exhibiting any prior testimony of any witness who is available at trial if such statements are offered for purposes other than impeachment or rebuttal. This request is premature. Testimony and/or exhibits have not been offered, because trial has not yet begun. If referring to and/or exhibiting prior testimony falls within an exception to hearsay, such reference and/or exhibit should be permitted. This request for exclusion should be deferred for trial and decided on a case by case basis.

Paragraph 8 seeks to exclude all specific questions that were objected to by D&S's counsel at any deposition conducted during the pendency of this case prior to a ruling by this Court on such objection. This request is premature. Deposition designations have not yet been made. The Court has not had an opportunity to review any objections of counsel to determine whether the objection should be sustained. This request for exclusion should be deferred and decided on a case by case basis.

**B.     Request to Exclude Unsupported Damages Evidence**

D&S seeks to exclude any evidence of lost past and future wages Mr. Encarnacion would have earned but for the accident. D&S contends that lost wages can only be established through

---

[2] *See* Motions in Limine, p. 8.

an expert. Mr. Encarnacion intends to testify about his salary while he was actively working for D&S, and what he was paid for maintenance by D&S. Mr. Encarnacion and his physicians may also be called to testify about the date that Mr. Encarnacion achieved, or will achieve, maximum medical improvement. Mr. Encarnacion intends to return to work after he has reached maximum medical improvement, and does not intend to seek future lost wages beyond that date. Mr. Encarnacion also intends to call D&S's corporate witness to testify about his rate of pay. Both witnesses have the requisite knowledge contemplated by Federal Rules of Evidence 701 and 602.

Respectfully submitted,

*Claire E. Pontier*
**Couhig Partners, LLC**
Donald C. Massey (#14177). T.A.
Robert E. Couhig (#29811)
Claire E. Pontier (#32025)
1100 Poydras Street, Suite 3250
New Orleans, LA 70163
Telephone: (504) 588-1288
Facsimile: (504) 588-9750
Email: cpontier@couhigpartners.com
*Attorneys for Mr. Encarnacion*