UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**D&S MARINE SERVICE, L.L.C.**  CIVIL ACTION

**VERSUS**  NO: 19-1702

**JOSIAH ENCARNACION**  SECTION: T

## ORDER

Before the Court is a Motion to Strike Demand for Jury Trial[1] filed by D&S Marine Service, L.L.C. ("Plaintiff"). Defendant and plaintiff-in-counterclaim, Josiah Encarnacion ("Defendant") has filed an opposition.[2] For the following reasons, the motion is **GRANTED.**

## BACKGROUND

This case arises out of a Plaintiff's complaint seeking a declaratory judgment that Plaintiff had no obligation to pay maintenance and cure to Defendant, its allegedly injured Jones Act employee.[3] The complaint designated Plaintiff's claim as an admiralty and maritime claim within the meaning of 9(h) of the Federal Rules of Civil Procedure, and Plaintiff, therefore, did not elect a jury trial.[4] Defendant filed an answer and counterclaim asserting claims under the Jones Act and general maritime law.[5] Defendant designated its claims for maintenance and cure, and associated damages, as admiralty claims brought pursuant to Rule 9(h), and simultaneously requested a trial by jury.[6] Defendant subsequently filed an amended counterclaim and, again, asserted claims for maintenance and cure arising in admiralty pursuant to Rule 9(h) and requested a trial by jury.[7]

---

[1] R. Doc. 32.
[2] R. Doc. 38.
[3] R. Doc. 1.
[4] R. Doc. 1.
[5] R. Doc. 8.
[6] R. Doc. 8, ¶¶10-11.
[7] R. Doc. 28, ¶¶11-12.

1

Plaintiff filed a motion to strike Defendant's jury trial demand contending that it is well-settled within the Fifth Circuit that a plaintiff's invocation of the admiralty jurisdiction precludes a trial by jury.[8] Defendant contends that he is entitled to a trial by jury pursuant to Rule 38 and under 28 U.S.C. §1331(1).[9]

## LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure Rule 9(h), a plaintiff whose claim is cognizable within the Court's "admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground" may choose to designate the claim as an admiralty or maritime claim.[10] Designating a claim as an admiralty or maritime claim under Rule 9(h) carries with it "numerous and important consequences."[11] Particularly, a plaintiff who elects to bring a suit under admiralty jurisdiction is not entitled to a trial by jury.[12]

In this case, both Plaintiff and Defendant allege admiralty jurisdiction in their complaints. Plaintiff alleges "[t]his is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction is conferred by 28 U.S.C. § 1333."[13] Defendant alleges that "[j]urisdiction is based upon the Jones Act, 46 USC 688, and the General Maritime of the United States [sic]."[14] Such statements are considered a Rule 9(h) election. Furthermore, diversity jurisdiction is not pled in any complaint, answer, or counter-claim. Plaintiff and Defendant both opted to proceed in admiralty. Thus, Plaintiff and Defendant have invoked the distinct features and remedies of admiralty jurisdiction, including the procedural consequence of a non-jury trial. Therefore, this Court agrees Defendant's jury demand should be stricken.

---

[8] R. Doc. 32-1, p.2.
[9] R. Doc. 38, p.2.
[10] Fed. R. Civ. P. 9(h).
[11] *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.,* 702 F.2d 585, 586 (5th Cir. 1983).
[12] *Id*. at 587; *see also Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005).
[13] R. Doc. 1, ¶3.
[14] R. Doc. 8, ¶1.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Strike Demand for Jury Trial[15] is **GRANTED** and the jury demand is stricken.

**New Orleans, Louisiana**, on this 24th day of January, 2020.

*[signature]*
_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 32.